| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number (if known): _____ Chapter 15 |

☐ Check if this is an amended filing

**Official Form 401**

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**
Shanghai Huaxin Group (Hongkong) Limited (In Liquidation)

**2. Debtor's unique identifier**

For non-individual debtors:

☐ Federal Employer Identification Number (EIN)  __ __ - __ __ __ __ __ __ __

☑ Other 1169022_____. Describe identifier Company number

For individual debtors:

☐ Social Security number:   xxx – xx– __ __ __ __

☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – __ __ __ __

☐ Other _____. Describe identifier _____.

**3. Name of foreign representative(s)**
Man Chun So (Christopher So); Donald Edward Osborn (Ted Osborn)

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**
High Court of the Hong Kong Special Admin. Region Court of First instance

**5. Nature of the foreign proceeding**

Check one:

☑ Foreign main proceeding

☐ Foreign nonmain proceeding

☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Cert. copy of Winding Up Order, PL Appointment Order, Sanction Order,
Letter of Request and Order of Appointment of Liquidators

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | Shanghai Huaxin Group (Hongkong) Limited (in Liquidation) | Case number (if known) _____ |
|---|---|---|
| | Name | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

Country where the debtor has the center of its main interests:

Hong Kong

Debtor's registered office:

Rm 2302-2304, 23/F, Convention
Number          Street

Plaza Office Tower, 1 Harbour Road,
P.O. Box

Wan Chai, Hong Kong                    00000
City                    State/Province/Region    ZIP/Postal Code

Hong Kong
Country

Individual debtor's habitual residence:

Number          Street

P.O. Box

City          State/Province/Region    ZIP/Postal Code

Country

Address of foreign representative(s):

PricewaterhouseCoopers
Number          Street

22nd Floor, Prince's Building
P.O. Box

10 Chater Road, Central                    00000
City                    State/Province/Region    ZIP/Postal Code

Hong Kong
Country

**10. Debtor's website (URL)**

N/A

**11. Type of debtor**

Check one:

☑ Non-individual (check one):

☐ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☑ Other. Specify:  Hong Kong limited company

☐ Individual

Debtor  Shanghai Huaxin Group (Hongkong) Limited (in Liquidation)     Case number (if known)_____
        Name

**12. Why is venue proper in this district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____ .

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____     Donald Edward Osborn
    Signature of foreign representative      Printed name

Executed on    05/07/2019
               MM / DD / YYYY

✗ _____     Man Chun So
    Signature of foreign representative      Printed name

Executed on    05/07/2019
               MM / DD / YYYY

**14. Signature of attorney**

✗    /s/ Caroline A. Reckler                      Date    5 / 7 / 2019
    Signature of Attorney for foreign representative        MM / DD / YYYY

Caroline A. Reckler
Printed name

Latham & Watkins LLP
Firm name

330 North Wabash Avenue, Suite 2800
Number     Street

Chicago                              IL        60611
City                                State     ZIP Code

(312) 876-7700                      caroline.reckler@lw.com
Contact phone                       Email address

_____          _____
Bar number                   State

Official Form 401         Chapter 15 Petition for Recognition of a Foreign Proceeding         page 3

**Shanghai Huaxin Group (Hongkong) Limited (in Liquidation)**
**Chapter 15 Voluntary Petition Attachments**

<u>Item 6</u>. Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative, including relevant documentation, translated into English.

I, the undersigned, do hereby certify
that this is a true and complete copy
of the original.

*[signature]*

Au-Yeung Rainbow Andrea
Latham & Watkins LLP
Solicitor, Hong Kong SAR

HCCW 126/2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018



19 SEP 2018

IN THE MATTER of the Companies
(Winding Up and Miscellaneous
Provisions) Ordinance (Cap. 32)

and

IN THE MATTER of SHANGHAI
HUAXIN GROUP (HONGKONG)
LIMITED (上海華信集團(香港)有限公
司)

## BEFORE THE HONOURABLE MR JUSTICE HARRIS IN COURT

## ORDER FOR WINDING UP BY THE COURT

UPON the Petition of HARBOUR VANGUARD LIMITED of P.O. Box 31119 Grand Pavilion, Hibiscus Way, 802 West Bay Road, Grand Cayman, KY1-1205, Cayman Islands, a creditor of the above-named Company, on the 17th day of May 2018, preferred unto the Court

AND UPON reading the said Petition, the Affirmation of Liu Yi filed on the 18th day of May 2018 and the exhibit referred to therein verifying the said Petition, the Affirmation of Liu Jieying filed on the 13th day of July 2018 and the exhibits referred to therein, the Affirmation of Ngan Kwan filed on the 2nd day of August 2018 and the exhibits referred to therein, the 2nd Affirmation of Ngan Kwan filed on the 27th July 2018, the 2nd Affidavit of Lam King Ho Howard filed on 29th August 2018 and the exhibits referred to therein, the Affirmation of Donald Edward Osborn filed on 31st

1

August 2018 and the exhibits referred to therein and the Registrar's Certificate issued on the 10th day July of 2018

AND UPON hearing counsel for the Petitioner, counsel for the above-named Company, counsel for joint and several Provisional Liquidators of the above-named Company, counsel for SPDB International Investment Management Limited, a supporting creditor, the Official Receiver, and the attendance of China Cinda (HK) Asset Management Co., Limited, a supporting creditor being dispensed with

THIS COURT DOTH ORDER that the said SHANGHAI HUAXIN GROUP (HONGKONG) LIMITED (上海華信集團(香港)有限公司) (formerly known as HONGKONG HUAXIN PETROLEUM LIMITED 香港華信石油有限公司 and HUAXIN CHINA PETROLEUM LIMITED 華信中國石油有限公司), whose registered office is at Room 2302-2304, 23/F, Convention Plaza Office Tower, 1 Harbour Road, Wan Chai, Hong Kong, be wound up by this Court under the provisions of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Chapter 32);

IT IS ORDERED that:-

1.  The costs of the Petitioner, the Official Receiver and the Provisional Liquidators (insofar as the Provisional Liquidators have been represented at hearings) be taxed and paid out of the assets of the said Company, save and except the hearing on 27th August 2018;

2.  There be a wasted costs order nisi that the costs of the Petitioner, the Official Receiver and the Provisional Liquidators of the hearing on 27th August 2018 and

2

the costs of the Provisional Liquidators of preparing the the 2nd Affidavit of Lam King Ho Howard filed on 29th August 2018 be paid by the solicitors for the above-named Company personally; and

3.    If the solicitors for the above-named Company wish to contest the aforesaid wasted costs order, they should file a notice in the Court within 20 clear days from the date herein failing which a final wasted costs order shall be made.

Dated this 3rd day of September 2018.

Registrar

3

NOTE — As the Official Receiver or provisional liquidator (**interviewer**) may require, it is the duty of a person who is or may be liable to make the statement of affairs of the Company, or a supplementary affidavit in relation to that statement, to attend on the interviewer according to the day, time and place the interviewer appoints and to give the interviewer all information that the interviewer requires.

HCCW 126/2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

IN THE MATTER of the Companies (Winding Up and Miscellaneous Provisions) Ordinance, Cap. 32

and

IN THE MATTER of SHANGHAI HUAXIN GROUP (HONGKONG) LIMITED (上海華信集團(香港)有限公司)

## ORDER

Dated this 3rd day of September 2018.
Filed on the 19th day of September 2018.

**STEVENSON, WONG & CO.**
Solicitors for the Petitioner
39th Floor, Gloucester Tower, the Landmark,
15 Queen's Road Central, Hong Kong
Tel.: 2526 6311      Fax: 2845 0638

Ref.: WYC(P)/80526/18(LIT)
T:\Harbour Vanguard Limited\80526 Recovery of Loan\Court
Document\Winding-up Order 20180903.docx

I, the undersigned, do hereby certify
that this is a true and complete copy
of the original.

**Au-Yeung Rainbow Andrea**
**Latham & Watkins LLP**
**Solicitor, Hong Kong SAR**

HCCW 126 / 2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018



- 2 AUG 2018

IN THE MATTER OF Shanghai Huaxin
Group (Hongkong) Limited (上海華信集團
(香港)有限公司)

And

IN THE MATTER OF the Companies
(Winding Up and Miscellaneous Provisions)
Ordinance (Cap. 32)

**BEFORE THE HONOURABLE MR JUSTICE HARRIS IN CHAMBERS
(NOT OPEN TO PUBLIC)**

**ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATORS**

UPON THE EX-PARTE (ON NOTICE) APPLICATION made by
Shanghai Huaxin Group (Hongkong) Limited ("the Company") on 16 July 2018
(the "**Application**")

AND UPON READING the Petition, the Affirmation of Ngan Kwan
affirmed on the 16th day of July 2018 together with the exhibits referred thereto
and the 2 Affirmations of Fitness both dated 4 July 2018, the Consents to Act
and the respective Disclosure Statements of Donald Edward Osborn and So
Man Chun all dated 14 July 2018

AND UPON HEARING Counsel for the Company and the Official
Receiver

-1-

AND UPON UNDERTAKING of the Company:-

(1) to forthwith notify the Registrar of Companies of the appointment of the Provisional Liquidators hereunder;

(2) to forthwith serve a sealed copy of this Order on the Registrar of Companies, the Official Receiver, and the registered office of the Company and give notice of the same to any subsidiary or associated company as soon as possible;

(3) to forthwith pay the Official Receiver the deposit under rule 28(1A) of the Companies (Winding-Up) Rules;

(4) to be responsible for the acts and default of the Provisional Liquidators hereby appointed until they have given security as herein mentioned; and

(5) to abide by an order of this Court may make as to damages if the Court later finds that this Order has caused loss to any other party and decides that the other party should be compensated for that loss.


IT IS ORDERED that:-

1. Upon the sum of HK$3,500 being deposited by the Company with the Official Receiver and until determination of the Petition or further order of the Court and pursuant to s.193 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32), Mr. Donald Edward Osborn and Mr. Man Chun So, both of Messrs. Pricewaterhousecoopers, be appointed as the provisional liquidators ('**Provisional Liquidators**') of the Company with power to act jointly and severally in their capacity as such until further order;

2. The Provisional Liquidators do as soon as practicable furnish security to the satisfaction of the Official Receiver;

3. The powers of the Provisional Liquidators be exercised jointly and severally, and be limited and restricted to the following:-

   (1) To enter upon or take possession of the property of the Company, without limitation, any premises of the Company, or any office where the Provisional Liquidators have reason to believe that there are assets, property or books and records of the Company, and, if necessary by force, to change locks and open safes and other strongboxes.

   (2) To ascertain, take possession of, collect, give valid receipts for and protect all books, records, documents, properties, things in action,

-2-

shares held in subsidiary companies and other assets of the Company, whether within or outside the jurisdiction of this Court (collectively **"Assets"**) including but without prejudice to the generality of the foregoing powers to demand and receive all debts due or which may fall due to the Company but not to distribute or part with them save for the exercise of the powers hereunder or until further order.

(3)    To preserve the Assets, and to carry on the business of the Company so far as may be necessary for the beneficial winding up of the Company and with the prior sanction of the Court and, for this purpose, to pay or authorise payments of any moneys in the ordinary course of the business of the Company out of monies in the existing bank account or accounts of the Company or bank account or accounts opened or maintained by the Provisional Liquidators as hereinafter provided.

(4)    To close or cease to operate all or any part of the Company's business operations as the Provisional Liquidators shall think fit, but so far only as may be necessary for the purpose of protecting the assets of the Company, and managing the affairs of the Company.

(5)    With the prior sanction of the Court, to bring or defend any action or other proceedings (whether court proceedings, arbitration or otherwise) in the name and on behalf of the Company or such other action as may be considered by the Provisional Liquidators to be necessary for the protection of the Assets.

(6)    To ascertain and conduct investigations of the affairs of the Company, including, without prejudice to the generality of the foregoing, the power to inspect, review, secure, take possession of and copy all books, records and documents of the Company, located at the offices of the Company, its accountants, auditors or other advisors or agents, or any other person, whether in Hong Kong or overseas.

(7)    To demand and receive all the debts due or which may fall due to the Company.

(8)    To open, maintain or operate a bank account or accounts and to pay all moneys received on behalf of the Company into such account or

-3-

accounts and, in so far as the Provisional Liquidators may deem desirable or necessary, cause monies in the existing bank accounts of the Company to be paid into such account or accounts and to draw on such account or accounts for any of the purposes specified in this Order.

(9)    To surrender any premises presently leased by the Company to the landlords and to enter into leases for premises for the purpose of storing any property, equipment and motor vehicles belonging to the Company on such terms as the Provisional Liquidators may see fit.

(10)    To enter into negotiations with any party for the purpose of selling the Assets including the Company's shareholdings in any subsidiaries and associated companies by way of tender or private contract at the best prices reasonably obtainable by the Provisional Liquidators in the circumstances and, with the prior sanction of the Court, to sell and to transfer the whole thereof to any person or company, or to sell the same in parcels.

(11)    To, if necessary, repair, maintain, and insure the Assets in such sum as the Provisional Liquidators may deem fit.

(12)    To convene and hold meetings of the members or creditors of the Company, for such purpose as the Provisional Liquidators may think fit.

(13)    To exercise the rights to which a registered holder of any shares or other securities registered in the name of the Company is entitled including, but without prejudice to the generality of the foregoing power, the right to attend meetings and to exercise any voting power pertaining to such shares or other securities and to direct nominees of the Company in whose names shares or other securities beneficially owned by the Company are registered to exercise all or any such rights as the Provisional Liquidators shall direct.

(14)    To take control of and exercise all rights which the Company may have in relation to any of its joint-ventures, subsidiary or associated companies or other entities in which the Company holds an interest (**"Subsidiary"**) or such shares of such Subsidiary as are owned (directly or indirectly) by the Company as may be necessary to

-4-

obtain control or management of any such entities including, without prejudice to the generality of the foregoing, the power to appoint or remove all or any directors or any other officers and agents of any such entities and to take all such steps as the Provisional Liquidators think fit to protect the interests of the Company and for the purpose of protecting the assets and managing the affairs of the Company.

(15)   To take any such action as may be necessary or desirable to obtain recognition of the appointment of the Provisional Liquidators in any jurisdiction other than Hong Kong and to make applications to the relevant courts for that purpose.

(16)   By reason of the taking control of, or the exercise of all rights (arising from the Company's holding of shares whether directly or indirectly) which the Company may have in relation to any Subsidiary whether in Hong Kong or overseas, to do or, as a shareholder cause or compel a Subsidiary to do or permit the doing of, all acts in accordance with the provisions of any relevant constitutional documentation of such Subsidiary, and the relevant laws of the jurisdiction in which the Subsidiary is situated, which may include but are not limited to the following:-

(a)   to enter upon or take possession of the property of the Subsidiary, including but without limitation, any premises of the Subsidiary or any office where the Provisional Liquidators have reason to believe that there are assets, property, or books of the Subsidiary, and if necessary by force, to change locks and open safes and other strong boxes;

(b)   to ascertain, take possession of, collect, give valid receipts for and protect the money, books records, documents, properties, things in action, and other assets of the Subsidiary (collectively **"Subsidiary Assets"**) including, but without prejudice to the generality of foregoing powers, to demand and receive all kinds of debts due or which may fall due to the Subsidiary, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

(c)   to ascertain and conduct investigations into the affairs of the Subsidiary, including without prejudice to the generality of

-5-

the foregoing, the power to see, review, secure, take possession of and copy all books, records, and documents of the Subsidiary; or relating to its or their accounts and audit of such accounts, located at the offices of the Subsidiary, its accountants, auditors and other advisors or agents, or any other person whether in Hong Kong or overseas;

(d)    to preserve Subsidiary Assets and, so far only as may be necessary for the beneficial winding up of the Company and with the prior sanction of the Court, to carry on the business of a Subsidiary, for the benefit of all the creditors of the Company until further order;

(e)    to close or cease to operate all or any part of the Subsidiary's business, as the Provisional Liquidators shall think fit, but so far only as may be necessary for the purpose of protecting Subsidiary Assets, and managing the affairs of the Company or the Subsidiary;

(f)    to employ or dismiss any employee of the Subsidiary, but so far only as may be necessary for the purpose of protecting Subsidiary Assets of the Subsidiary, and managing the affairs of the Company or the Subsidiary;

(g)    to discharge rent, salaries of any employees and other current expenses of the Subsidiary where appropriate to do so;

(h)    to terminate, complete, perform or perfect any contracts or transactions relating to the business of the Subsidiary including, without prejudice to the generality of this power, to novate or assign any such contracts or transactions, but so far only as may be necessary for the purpose of protecting Subsidiary Assets, and managing the affairs of the Company or the Subsidiary;

(i)    to make, procure or authorize payments of any money in the ordinary course of the business of a Subsidiary in Hong Kong or elsewhere, out of monies in the existing bank account or accounts of the Subsidiary, or bank account or accounts of the Subsidiary, or bank account or accounts opened or maintained by the Provisional Liquidators as provided herein;

(j)    to demand and receive any and all of the debts due or which may fall due to the Subsidiary;

(k)    to open, maintain and operate a special bank account or accounts and to pay all money received on behalf of a Subsidiary into such account or accounts and to draw on such account or accounts for any the purposes specified in this Order and insofar as the Provisional Liquidators may deem desirable or necessary, cause ,money in a Subsidiary's existing bank accounts to be paid into such special account or accounts as may be opened or maintained by them;

(l)    to carry on correspondence with former customers of or any other parties dealing with a Subsidiary;

(m)    save and except the power of sale, to exercise, in relation to Subsidiary Assets, or any part thereof, all such powers, authorities and things as the Provisional Liquidators would be capable of exercising if they were the absolute beneficial owner of the same, and to use the name of a Subsidiary respectively, for all or any.of such purposes, including but not limited to the right to attend meetings and to exercise any votes and   to direct nominees of a Subsidiary in whose names shares or other securities beneficially owned by a Subsidiary are registered to exercise all or any such rights as the Provisional Liquidators shall direct;

(n)    to convene and hold meetings of the members or creditors of a Subsidiary, for any purpose the Provisional Liquidators think fit;

(o)    to, if necessary, repair, maintain and insure Subsidiary Assets, in such sums as the Provisional Liquidators deem fit;

(p)    to grant or accept a surrender of a lease of tenancy of any of the property of a Subsidiary, and to take a lease or tenancy of any property required or convenient for the business of the Subsidiary;

(q)    with the prior sanction of the Court, to bring, prosecute and defend in the name and on behalf of a Subsidiary, or in the

-7-

names of the Provisional Liquidators any actions, suits, arbitrations or proceedings, including winding up proceedings whether in Hong Kong or any other jurisdictions;

(r)   to change the situation of a Subsidiary's registered office;

(s)   to rank and claim in the bankruptcy, liquidation or insolvency of any parties (including but not limited to any body corporate) indebted to the Subsidiary and to receive dividends, and accede to trust deeds for the creditors of any such persons.

(17)  For any of the foregoing purposes:-

(a)   to appoint and engage clerks, servants, employees, managers and agents including foreign agents upon such terms as to remuneration or otherwise and for such periods as the Provisional Liquidators may deem fit;

(b)   to incur and to defray out of the Assets such expenses, wages, salaries and fees as may be necessary therefor or incidental thereto;

(c)   to terminate the employment of any managers, clerks, servants, employees or agents of the Company and to close place or places of business as the Provisional Liquidators may deem fit;

(d)   (i)    to engage accountants, surveyors, attorney, solicitors, barristers, financial advisers, stockbrokers and other agents as the Provisional Liquidators deem necessary whether in Hong Kong or elsewhere;

      (ii)   before retaining attorney, solicitors or barristers in Hong Kong, to obtain the approval of the Companies Court judge or, if he is not available, the judge making the appointment of the Provisional Liquidators; and with the application, which may be made in writing, to provide details of quotes that have been obtained from three or more firms of solicitors, and state which firm is preferred and the reasons for choosing that firm; and

-8-

.

to include details of the number of cases in the previous 5 calendar years in which the Provisional Liquidators have instructed each firm of solicitors, the fees paid to them and work introduced to the Provisional Liquidators, if any, by each firm of solicitors;

(e)  to draw, accept, make or endorse bills of exchange and other negotiable instruments in the name of and on behalf of the Company;

(f)  to enter into such commitments as the Provisional Liquidators consider may be necessary therefor or incidental thereto;

(g)  to do all acts and to execute, in the name and on behalf of the Company, all deeds, receipts and other documents and for such purposes, to use, when necessary, the seal of the Company or any Subsidiary; and

4.  Notwithstanding anything in the foregoing parts of this Order, the Provisional Liquidators shall not take any steps directly or indirectly to cause any Subsidiary (whether direct or indirect) of the Company which carries on or which has carried on business in any jurisdiction other than Hong Kong from realizing or disposing of any of its assets (otherwise than in the ordinary course of trade) unless:

(a)  such realization or disposal is authorized by and in connection with an order of a court having competent jurisdiction in the State, Territory, or Region within which such business is being or has been carried out ("**Local Court**"); or

(b)  the Local Court to which an application is made for these purposes of such realization or disposal declares that no such authority is required; or

(c)  such realization or disposal is authorized by further order of this Court.

5.  No disposition of the Company's property by or with the authority of the Provisional Liquidators in carrying out of their duties and functions and

-9-

the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 182 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32).

6.  The Company and its directors do forthwith grant unrestricted access to the Provisional Liquidators to all the books, records and documents of the Company (whether in the form of hard copy or stored electronically) and caused to be delivered to the Provisional Liquidators as soon as practicable title deeds of all properties held by the Company and thereafter provide all assistance to the Provisional Liquidators and their staff as they may request from time to time.

7.  The directors of the Company do submit a statement of affairs of the Company to the Provisional Liquidators within 28 days from the date thereof pursuant to section 190 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32).

8.  Subject to the approval of the Court, the remuneration of the Provisional Liquidators and the fees, costs and expenses of all persons retained by the Provisional Liquidators be charged on a time-costs basis and upon assessment by the Court be paid out of the assets of the Company.

9.  The Provisional Liquidators, the Company and the Official Receiver be at liberty to apply generally.

10. The Company and any creditor of the Company or of its subsidiaries be at liberty to apply for the discharge and / or variation of this Order on giving 3 days' prior written notice to the Provisional Liquidators.

11. The costs of the Company in this application be paid out of the Assets of the Company.

12. The costs of the Official Receiver of this application be assessed on gross sum basis at HK$24,650 be paid out of the assets of the Company.

Dated this 17th day of July 2018.

Registrar

-10-

## NOTICE TO THE OFFICERS OF THE COMPANY

Note - As the Official Receiver or provisional liquidator (interviewer) may require, it is the duty of a person who is or may be liable to make the statement of affairs of the Company, or a supplementary affidavit in relation to that statement, to attend on the interviewer according to the day, time and place the interviewer appoints and to give the interviewer all information that the interviewer requires.

HCCW 126 / 2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

_____

IN THE MATTER OF Shanghai Huaxin Group
(Hongkong) Limited (上海華信集團(香港)
有限公司)

And

IN THE MATTER OF the Companies
(Winding Up and Miscellaneous Provisions)
Ordinance (Cap. 32)

_____

**ORDER FOR APPOINTMENT OF
PROVISIONAL LIQUIDATORS**

_____

Dated 17 July 2018
Filed on 2 August 2018

Au-Yeung, Cheng, Ho & Tin
Solicitor for the Respondent
14th Floor, Far East Consortium Building,
121 Des Voeux Road Central,
Hong Kong
Tel: 2521 8822 Fax: 2521 2602
Ref: CSS/607044/CE

-12-

I, the undersigned, do hereby certify
that this is a true and complete copy
of the original.

*An-Yeung Rainbow Andrea*
Latham & Watkins LLP
Solicitor, Hong Kong SAR

HCCW 126/2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018



IN THE MATTER of the Companies (Winding
Up and Miscellaneous Provisions) Ordinance
(Cap. 32)

and

IN THE MATTER OF Shanghai Huaxin Group
(Hongkong) Limited (上海華信集團(香港)有
限公司)

2 6 MAR 2019

## BEFORE THE HONOURABLE MR JUSTICE HARRIS IN CHAMBERS

### O R D E R

UPON the application of the joint and several provisional liquidators (the **"Provisional Liquidators"**) of Shanghai Huaxin Group (Hongkong) Limited (上海華信集團(香港)有限公司) (In Liquidation) (the **"Company"**) by way of Ex Parte Summons filed on 22 February 2019 (the **"Summons"**)

AND UPON reading the 3rd Affidavit of Donald Edward Osborn filed on 22 February 2019 together with the exhibits referred to therein (the **"3rd Osborn Affidavit"**)

IT IS ORDERED that:

1.    The Provisional Liquidators be at liberty to take any such action as may be necessary or desirable to obtain recognition in the United States of America (**"U.S."**) of the winding up proceedings in Hong Kong (the **"Winding Up Proceedings"**), the Order made by the Honourable Mr. Justice Harris on 3 September 2018 to wind up the Company (the **"Winding Up Order"**) and the appointment and powers of the Provisional Liquidators, and to make applications to the United States Bankruptcy

Court for the Southern District of New York (the "**U.S. Bankruptcy Court**") for that purpose;

2.  The Provisional Liquidators be at liberty to:

    (a)  sell, market or cause the sale of, the property known as The Trump World Tower Condominium (or Residential Unit No. 78B), located at Street Number 845 United Nations Plaza, County of New York, State of New York, United States of America and the particulars and description of which are set out in the Schedule annexed to the Summons, by public auction or private contract, with power to transfer the whole of the property and things in action to any person or company, or to sell them in parcels (the "**Proposed Sale**");

    (b)  do all acts and execute, in the name and on behalf of the Company, all deeds, receipts and other documents, and for that purpose use, when necessary, the Company's seal to effect the Proposed Sale;

    (c)  appoint an agent and/or legal advisor to do any business that the Provisional Liquidators are unable to do in person to effect the Proposed Sale;

    (d)  for the purposes of preserving (including pursuing or defending any claims) and effecting the sale of the U.S. Property, pay or authorise the payment of any monies held in the bank accounts opened or maintained by the Provisional Liquidators; and

    (e)  do all other things as may be necessary to effect the Proposed Sale;

3.  This Court do issue a letter of request (the "**Letter of Request**") or certificate or other equivalent documentation that would satisfy the U.S. law requirement to provide a certified copy of the Winding Up Order and the Order of the Honourable Mr. Justice Harris dated 17 July 2018 to appoint the Provisional Liquidators (the "**Appointment Order**"), requesting the U.S. Bankruptcy Court to recognise (1) the Winding Up Proceedings and the Winding Up Order, (2) the appointment and powers of the Provisional Liquidators pursuant to the Appointment Order, (3) the Winding Up Proceedings as the principal liquidation or "main" proceeding and to assist and to act

in aid of and be auxiliary to this Court by granting cross-border judicial assistance on the terms set out in the Letter of Request;

4.    The 3rd Osborn Affidavit and the exhibits referred to therein be placed on the court file in a sealed envelope and not be made available for inspection without leave of the Court; and

5.    Costs of this application be paid out of the assets of the Company.

Dated this 6th day of March  2019

                                                    Registrar

**HCCW 126/2018**

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

IN THE MATTER OF the Companies (Winding
Up and Miscellaneous Provisions) Ordinance
(Cap. 32)

and

IN THE MATTER OF Shanghai Huaxin Group
(Hongkong) Limited (上海華信集團(香港)有限
公司)

**ORDER**

Filed the 26th day of March 2019

Latham & Watkins LLP
Solicitors for the Provisional Liquidators
18th Floor, One Exchange Square
8 Connaught Place
Central
Hong Kong
Tel: 2912-2500
Fax: 2912-2600
Ref: HL/CM/054384-0002

ASIA-DOCS\10540529.7

I, the undersigned, do hereby certify
that this is a true and complete copy
of the original.

**Au-Yeung Rainbow Andrea**
**Latham & Watkins LLP**
**Solicitor, Hong Kong SAR**

HCCW 126/2018

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

COMPANIES (WINDING-UP) PROCEEDINGS NO. 126 OF 2018

IN THE MATTER of the Companies (Winding
Up and Miscellaneous Provisions) Ordinance
(Cap. 32)

and

IN THE MATTER OF Shanghai Huaxin Group
(Hongkong) Limited (上海華信集團(香港)有限
公司)

**LETTER OF REQUEST**

**WHEREAS:**

1.  This Court is a court which has (and which exercises) jurisdiction in relation to insolvency
    and bankruptcy law in Hong Kong.

2.  Shanghai Huaxin Group (Hongkong) Limited (上海華信集團(香港)有限公司) (formerly
    known as Hongkong Huaxin Petroleum Limited and Huaxin China Petroleum Limited)
    (the "Company") was incorporated on 20 September 2007 under the laws of Hong Kong.

3.  On 17 May 2018, a creditor presented a petition to this Court to compulsorily wind up the
    Company.

1

4.  On 17 July 2018, the Honourable Mr. Justice Harris of this Court made an order (the "**Appointment Order**") appointing Mr. Donald Edward Osborn and Mr. Man Chun So, both of Messrs. PricewaterhouseCoopers, 22/F, Prince's Building, Central, Hong Kong, as joint and several provisional liquidators of the Company (the "**Provisional Liquidators**"). A certified copy of the Appointment Order is annexed hereto.

5.  On 3 September 2018, the Honourable Mr. Justice Harris of this Court made an order to wind up the Company (the "**Winding Up Order**"). A certified copy of the Winding Up Order is annexed hereto. Upon the making of the Winding Up Order, the Provisional Liquidators have acted and continue to act as the provisional liquidators of the Company pursuant to Sections 194, 199B and Schedule 25 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Chapter 32 of the Laws of Hong Kong) ("**Cap. 32**").

6.  On 6 March 2019, the Honourable Mr. Justice Harris of this Court made an order authorising the Provisional Liquidators to seek recognition in the United States of America ("**U.S.**") and any jurisdiction the Provisional Liquidators deem necessary, and to make applications to the relevant courts for that purpose.

7.  The Provisional Liquidators have demonstrated to the satisfaction of this Court that it is desirable for the United States Bankruptcy Court for the Southern District of New York (the "**U.S. Bankruptcy Court**") to consider and determine whether it would be appropriate to make Orders which:

    (1)  recognise the winding up proceedings in Hong Kong (the "**Hong Kong Proceedings**") and the Winding Up Order;

    (2)  recognise the appointment and powers of the Provisional Liquidators pursuant to the Appointment Order and Cap. 32 such that the appointment of the Provisional Liquidators in Hong Kong be treated in all respects in the same manner as if the Provisional Liquidators had been appointed by the U.S. Bankruptcy Court;

2

(3)    recognise the winding up proceedings in Hong Kong Proceedings as the principal liquidation (or "main" proceedings) and to assist and to act in aid of and be auxiliary to the Hong Kong Court by granting cross-border judicial assistance;

(4)    grant such powers to the Provisional Liquidators as would be available to them if they had been appointed as joint provisional liquidators to a company in respect of which winding up proceedings has been commenced in the U.S. or a winding-up order had been made by the U.S. Bankruptcy Court; and

(5)    produce, in the territory of the United States of America, the same effect (or substantially the same effect) as Sections 182, 183, and 186 of Cap. 32.

**THIS COURT HEREBY REQUESTS** the U.S. Bankruptcy Court to assist and to act in aid of and be auxiliary to this Court by granting cross-border judicial assistance by:

8.    Considering and determining whether it would be appropriate to make Orders (and if so, by making such Orders) that:

(1)    The Hong Kong Proceedings and the Winding Up Order be recognised.

(2)    The Hong Kong Proceedings be recognised as the main or principal winding-up proceedings.

(3)    The appointment and powers of the Provisional Liquidators pursuant to the Appointment Order and Cap. 32 be recognised such that the appointment of the Provisional Liquidators in Hong Kong be treated in all respects in the same manner as if the Provisional Liquidators had been appointed by the U.S. Bankruptcy Court.

(4)    The Provisional Liquidators shall have and may exercise such powers as would be available to them if they had been appointed as joint provisional liquidators to a company in respect of which winding up proceedings has been commenced in the U.S. or a winding-up order had been made by the U.S. Bankruptcy Court, and in

3

particular but without prejudice to the generality of the foregoing, for the following purposes:

i.   to locate, protect, secure and take into their possession and control all assets and property within the jurisdiction of the U.S. courts to which the Company is or appears to be entitled;

ii.  to locate, protect, secure and take into their possession and control the books, papers, and records of the Company including the accountancy and statutory records within the jurisdiction of the U.S. courts and to investigate the assets and affairs of the Company and the circumstances which gave rise to its insolvency;

iii. to take all necessary steps to prevent any disposal of the Company's assets;

iv.  to operate and open or close any bank accounts in the name and on behalf of the Company for the purpose of collecting the assets and paying the costs and expenses of the proceedings in the U.S.;

v.   to pay or authorise the payment of any monies held in the bank accounts opened or maintained by the Provisional Liquidators, whether in Hong Kong or in the U.S.;

vi.  to take control of and exercise all rights that the Company may have in relation to any of its subsidiaries, joint ventures, associated companies or other entities in which the Company has an interest (whether directly or indirectly);

vii. to retain and employ barristers, solicitors or attorneys and/or such other agents or professional persons as the Provisional Liquidators consider appropriate for the purpose of advising or assisting in the execution of their powers and duties;

4

viii.   to sell, market or cause the sale of, the property known as The Trump World Tower Condominium (or Residential Unit No. 78B), located at Street Number 845 United Nations Plaza, County of New York, State of New York, United States of America, and to do all other things as may be necessary to effect the same;

ix.   to remit the proceeds of the sales in subparagraph (viii) above to Hong Kong for distribution to creditors in the Hong Kong Proceedings; and

x.   so far as may be necessary to supplement and to effect the powers set out at subparagraphs (i) to (ix) above, to bring legal proceedings and make all such applications to the U.S. Bankruptcy Court whether in their own names or in the name of the Company on behalf of and for the benefit of the Company including any applications for orders for disclosure and production of documents and/or ancillary relief such as freezing orders, search and seizure orders in any legal proceedings commenced.

(5)   For so long as the Company shall be deemed to be under the protection of Sections 182, 183 and 186 of Cap. 32 save with leave of this Court or the U.S. Bankruptcy Court (and subject to such terms as that Court may impose) or with the consent of the Provisional Liquidators:

i.   No proceedings may be commenced or continued against the Company within the jurisdiction of the U.S. Bankruptcy Courts for the winding up of the Company;

ii.   No proceedings may be commenced or continued within the jurisdiction of the U.S. courts against the Company or its assets;

iii.   No receiver may be appointed over any part of the property or undertaking of the Company within the jurisdiction of the U.S. courts save in so far as it would be permitted if the Company was being wound up under the Bankruptcy Code;

5

iv.   No disposition of the property of the Company within the jurisdiction of the U.S. courts, including things in action, and any transfer of shares, or alterations in the status of the members of the Company, shall be made save in so far as it would be permitted if the Company was being compulsorily wound up under the Bankruptcy Code; and

v.   No attachment, sequestration, distress or execution shall be put in force against the property or effects of the Company within the jurisdiction of the U.S. courts save in so far as it would be permitted if the Company was being compulsorily wound up under the Bankruptcy Code.

(6)   Granting such further or other relief or assistance by way of cross-border judicial assistance as it may think just and convenient.

Simon Kwang
Registrar, High Court
Hong Kong Special Administrative

Dated this 2nd day of April 2019

8



Certified true copy

Simon Kwang
Registrar, H. C.
- 2 APR 2019

HCCW 126 / 2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018



- 2 AUG 2018

2 9 MAR 2019

IN THE MATTER OF Shanghai Huaxin
Group (Hongkong) Limited (上海華信集團
(香港)有限公司)

And

IN THE MATTER OF the Companies
(Winding Up and Miscellaneous Provisions)
Ordinance (Cap. 32)

**BEFORE THE HONOURABLE MR JUSTICE HARRIS IN CHAMBERS
(NOT OPEN TO PUBLIC)**

**ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATORS**

UPON THE EX-PARTE (ON NOTICE) APPLICATION made by
Shanghai Huaxin Group (Hongkong) Limited ("the Company") on 16 July 2018
(the "**Application**")

AND UPON READING the Petition, the Affirmation of Ngan Kwan
affirmed on the 16th day of July 2018 together with the exhibits referred thereto
and the 2 Affirmations of Fitness both dated 4 July 2018, the Consents to Act
and the respective Disclosure Statements of Donald Edward Osborn and So
Man Chun all dated 14 July 2018

AND UPON HEARING Counsel for the Company and the Official
Receiver

2 9 MAR 2019                    -1-

AND UPON UNDERTAKING of the Company:-

(1)  to forthwith notify the Registrar of Companies of the appointment of the Provisional Liquidators hereunder;

(2)  to forthwith serve a sealed copy of this Order on the Registrar of Companies, the Official Receiver, and the registered office of the Company and give notice of the same to any subsidiary or associated company as soon as possible;

(3)  to forthwith pay the Official Receiver the deposit under rule 28(1A) of the Companies (Winding-Up) Rules;

(4)  to be responsible for the acts and default of the Provisional Liquidators hereby appointed until they have given security as herein mentioned; and

(5)  to abide by an order of this Court may make as to damages if the Court later finds that this Order has caused loss to any other party and decides that the other party should be compensated for that loss.

IT IS ORDERED that:-

1.  Upon the sum of HK$3,500 being deposited by the Company with the Official Receiver and until determination of the Petition or further order of the Court and pursuant to s.193 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32), Mr. Donald Edward Osborn and Mr. Man Chun So, both of Messrs. Pricewaterhousecoopers, be appointed as the provisional liquidators (**'Provisional Liquidators'**) of the Company with power to act jointly and severally in their capacity as such until further order;

2.  The Provisional Liquidators do as soon as practicable furnish security to the satisfaction of the Official Receiver;

3.  The powers of the Provisional Liquidators be exercised jointly and severally, and be limited and restricted to the following:-

(1)  To enter upon or take possession of the property of the Company, without limitation, any premises of the Company, or any office where the Provisional Liquidators have reason to believe that there are assets, property or books and records of the Company, and, if necessary by force, to change locks and open safes and other strongboxes.

(2)  To ascertain, take possession of, collect, give valid receipts for and protect all books, records, documents, properties, things in action,

-2-

shares held in subsidiary companies and other assets of the Company, whether within or outside the jurisdiction of this Court (collectively "**Assets**") including but without prejudice to the generality of the foregoing powers to demand and receive all debts due or which may fall due to the Company but not to distribute or part with them save for the exercise of the powers hereunder or until further order.

(3)    To preserve the Assets, and to carry on the business of the Company so far as may be necessary for the beneficial winding up of the Company and with the prior sanction of the Court and, for this purpose, to pay or authorise payments of any moneys in the ordinary course of the business of the Company out of monies in the existing bank account or accounts of the Company or bank account or accounts opened or maintained by the Provisional Liquidators as hereinafter provided.

(4)    To close or cease to operate all or any part of the Company's business operations as the Provisional Liquidators shall think fit, but so far only as may be necessary for the purpose of protecting the assets of the Company, and managing the affairs of the Company.

(5)    With the prior sanction of the Court, to bring or defend any action or other proceedings (whether court proceedings, arbitration or otherwise) in the name and on behalf of the Company or such other action as may be considered by the Provisional Liquidators to be necessary for the protection of the Assets.

(6)    To ascertain and conduct investigations of the affairs of the Company, including, without prejudice to the generality of the foregoing, the power to inspect, review, secure, take possession of and copy all books, records and documents of the Company, located at the offices of the Company, its accountants, auditors or other advisors or agents, or any other person, whether in Hong Kong or overseas.

(7)    To demand and receive all the debts due or which may fall due to the Company.

(8)    To open, maintain or operate a bank account or accounts and to pay all moneys received on behalf of the Company into such account or

-3-

accounts and, in so far as the Provisional Liquidators may deem desirable or necessary, cause monies in the existing bank accounts of the Company to be paid into such account or accounts and to draw on such account or accounts for any of the purposes specified in this Order.

(9)    To surrender any premises presently leased by the Company to the landlords and to enter into leases for premises for the purpose of storing any property, equipment and motor vehicles belonging to the Company on such terms as the Provisional Liquidators may see fit.

(10)    To enter into negotiations with any party for the purpose of selling the Assets including the Company's shareholdings in any subsidiaries and associated companies by way of tender or private contract at the best prices reasonably obtainable by the Provisional Liquidators in the circumstances and, with the prior sanction of the Court, to sell and to transfer the whole thereof to any person or company, or to sell the same in parcels.

(11)    To, if necessary, repair, maintain, and insure the Assets in such sum as the Provisional Liquidators may deem fit.

(12)    To convene and hold meetings of the members or creditors of the Company, for such purpose as the Provisional Liquidators may think fit.

(13)    To exercise the rights to which a registered holder of any shares or other securities registered in the name of the Company is entitled including, but without prejudice to the generality of the foregoing power, the right to attend meetings and to exercise any voting power pertaining to such shares or other securities and to direct nominees of the Company in whose names shares or other securities beneficially owned by the Company are registered to exercise all or any such rights as the Provisional Liquidators shall direct.

(14)    To take control of and exercise all rights which the Company may have in relation to any of its joint-ventures, subsidiary or associated companies or other entities in which the Company holds an interest ("**Subsidiary**") or such shares of such Subsidiary as are owned (directly or indirectly) by the Company as may be necessary to

-4-

obtain control or management of any such entities including, without prejudice to the generality of the foregoing, the power to appoint or remove all or any directors or any other officers and agents of any such entities and to take all such steps as the Provisional Liquidators think fit to protect the interests of the Company and for the purpose of protecting the assets and managing the affairs of the Company.

(15)   To take any such action as may be necessary or desirable to obtain recognition of the appointment of the Provisional Liquidators in any jurisdiction other than Hong Kong and to make applications to the relevant courts for that purpose.

(16)   By reason of the taking control of, or the exercise of all rights (arising from the Company's holding of shares whether directly or indirectly) which the Company may have in relation to any Subsidiary whether in Hong Kong or overseas, to do or, as a shareholder cause or compel a Subsidiary to do or permit the doing of, all acts in accordance with the provisions of any relevant constitutional documentation of such Subsidiary, and the relevant laws of the jurisdiction in which the Subsidiary is situated, which may include but are not limited to the following:-

(a)   to enter upon or take possession of the property of the Subsidiary, including but without limitation, any premises of the Subsidiary or any office where the Provisional Liquidators have reason to believe that there are assets, property, or books of the Subsidiary, and if necessary by force, to change locks and open safes and other strong boxes;

(b)   to ascertain, take possession of, collect, give valid receipts for and protect the money, books records, documents, properties, things in action, and other assets of the Subsidiary (collectively "**Subsidiary Assets**") including, but without prejudice to the generality of foregoing powers, to demand and receive all kinds of debts due or which may fall due to the Subsidiary, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

(c)   to ascertain and conduct investigations into the affairs of the Subsidiary, including without prejudice to the generality of

-5-

the foregoing, the power to see, review, secure, take possession of and copy all books, records, and documents of the Subsidiary; or relating to its or their accounts and audit of such accounts, located at the offices of the Subsidiary, its accountants, auditors and other advisors or agents, or any other person whether in Hong Kong or overseas;

(d)    to preserve Subsidiary Assets and, so far only as may be necessary for the beneficial winding up of the Company and with the prior sanction of the Court, to carry on the business of a Subsidiary, for the benefit of all the creditors of the Company until further order;

(e)    to close or cease to operate all or any part of the Subsidiary's business, as the Provisional Liquidators shall think fit, but so far only as may be necessary for the purpose of protecting Subsidiary Assets, and managing the affairs of the Company or the Subsidiary;

(f)    to employ or dismiss any employee of the Subsidiary, but so far only as may be necessary for the purpose of protecting Subsidiary Assets of the Subsidiary, and managing the affairs of the Company or the Subsidiary;

(g)    to discharge rent, salaries of any employees and other current expenses of the Subsidiary where appropriate to do so;

(h)    to terminate, complete, perform or perfect any contracts or transactions relating to the business of the Subsidiary including, without prejudice to the generality of this power, to novate or assign any such contracts or transactions, but so far only as may be necessary for the purpose of protecting Subsidiary Assets, and managing the affairs of the Company or the Subsidiary;

(i)    to make, procure or authorize payments of any money in the ordinary course of the business of a Subsidiary in Hong Kong or elsewhere, out of monies in the existing bank account or accounts of the Subsidiary, or bank account or accounts of the Subsidiary, or bank account or accounts opened or maintained by the Provisional Liquidators as provided herein;

-6-

(j)     to demand and receive any and all of the debts due or which
        may fall due to the Subsidiary;

(k)     to open, maintain and operate a special bank account or
        accounts and to pay all money received on behalf of a
        Subsidiary into such account or accounts and to draw on
        such account or accounts for any the purposes specified in
        this Order and insofar as the Provisional Liquidators may
        deem desirable or necessary, cause ,money in a Subsidiary's
        existing bank accounts to be paid into such special account
        or accounts as may be opened or maintained by them;

(l)     to carry on correspondence with former customers of or any
        other parties dealing with a Subsidiary;

(m)     save and except the power of sale, to exercise, in relation to
        Subsidiary Assets, or any part thereof, all such powers,
        authorities and things as the Provisional Liquidators would
        be capable of exercising if they were the absolute beneficial
        owner of the same, and to use the name of a Subsidiary
        respectively, for all or any of such purposes, including but
        not limited to the right to attend meetings and to exercise any
        votes and   to direct nominees of a Subsidiary in whose
        names shares or other securities beneficially owned by a
        Subsidiary are registered to exercise all or any such rights as
        the Provisional Liquidators shall direct;

(n)     to convene and hold meetings of the members or creditors of
        a Subsidiary, for any purpose the Provisional Liquidators
        think fit;

(o)     to, if necessary, repair, maintain and insure Subsidiary
        Assets, in such sums as the Provisional Liquidators deem fit;

(p)     to grant or accept a surrender of a lease of tenancy of any of
        the property of a Subsidiary, and to take a lease or tenancy of
        any property required or convenient for the business of the
        Subsidiary;

(q)     with the prior sanction of the Court, to bring, prosecute and
        defend in the name and on behalf of a Subsidiary, or in the

-7-

names of the Provisional Liquidators any actions, suits, arbitrations or proceedings, including winding up proceedings whether in Hong Kong or any other jurisdictions;

(r)   to change the situation of a Subsidiary's registered office;

(s)   to rank and claim in the bankruptcy, liquidation or insolvency of any parties (including but not limited to any body corporate) indebted to the Subsidiary and to receive dividends, and accede to trust deeds for the creditors of any such persons.

(17)   For any of the foregoing purposes:-

(a)   to appoint and engage clerks, servants, employees, managers and agents including foreign agents upon such terms as to remuneration or otherwise and for such periods as the Provisional Liquidators may deem fit;

(b)   to incur and to defray out of the Assets such expenses, wages, salaries and fees as may be necessary therefor or incidental thereto;

(c)   to terminate the employment of any managers, clerks, servants, employees or agents of the Company and to close place or places of business as the Provisional Liquidators may deem fit;

(d)   (i)   to engage accountants, surveyors, attorney, solicitors, barristers, financial advisers, stockbrokers and other agents as the Provisional Liquidators deem necessary whether in Hong Kong or elsewhere;

(ii)   before retaining attorney, solicitors or barristers in Hong Kong, to obtain the approval of the Companies Court judge or, if he is not available, the judge making the appointment of the Provisional Liquidators; and with the application, which may be made in writing, to provide details of quotes that have been obtained from three or more firms of solicitors, and state which firm is preferred and the reasons for choosing that firm; and

-8-

to include details of the number of cases in the previous 5 calendar years in which the Provisional Liquidators have instructed each firm of solicitors, the fees paid to them and work introduced to the Provisional Liquidators, if any, by each firm of solicitors;

(e)   to draw, accept, make or endorse bills of exchange and other negotiable instruments in the name of and on behalf of the Company;

(f)   to enter into such commitments as the Provisional Liquidators consider may be necessary therefor or incidental thereto;

(g)   to do all acts and to execute, in the name and on behalf of the Company, all deeds, receipts and other documents and for such purposes, to use, when necessary, the seal of the Company or any Subsidiary; and

4.   Notwithstanding anything in the foregoing parts of this Order, the Provisional Liquidators shall not take any steps directly or indirectly to cause any Subsidiary (whether direct or indirect) of the Company which carries on or which has carried on business in any jurisdiction other than Hong Kong from realizing or disposing of any of its assets (otherwise than in the ordinary course of trade) unless:

(a)   such realization or disposal is authorized by and in connection with an order of a court having competent jurisdiction in the State, Territory, or Region within which such business is being or has been carried out ("Local Court"); or

(b)   the Local Court to which an application is made for these purposes of such realization or disposal declares that no such authority is required; or

(c)   such realization or disposal is authorized by further order of this Court.

5.   No disposition of the Company's property by or with the authority of the Provisional Liquidators in carrying out of their duties and functions and

-9-

the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 182 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32).

6. The Company and its directors do forthwith grant unrestricted access to the Provisional Liquidators to all the books, records and documents of the Company (whether in the form of hard copy or stored electronically) and caused to be delivered to the Provisional Liquidators as soon as practicable title deeds of all properties held by the Company and thereafter provide all assistance to the Provisional Liquidators and their staff as they may request from time to time.

7. The directors of the Company do submit a statement of affairs of the Company to the Provisional Liquidators within 28 days from the date thereof pursuant to section 190 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32).

8. Subject to the approval of the Court, the remuneration of the Provisional Liquidators and the fees, costs and expenses of all persons retained by the Provisional Liquidators be charged on a time-costs basis and upon assessment by the Court be paid out of the assets of the Company.

9. The Provisional Liquidators, the Company and the Official Receiver be at liberty to apply generally.

10. The Company and any creditor of the Company or of its subsidiaries be at liberty to apply for the discharge and / or variation of this Order on giving 3 days' prior written notice to the Provisional Liquidators.

11. The costs of the Company in this application be paid out of the Assets of the Company.

12. The costs of the Official Receiver of this application be assessed on gross sum basis at HK$24,650 be paid out of the assets of the Company.

Dated this 17th day of July 2018.

Registrar

-10-

## NOTICE TO THE OFFICERS OF THE COMPANY

Note – As the Official Receiver or provisional liquidator (interviewer) may require, it is the duty of a person who is or may be liable to make the statement of affairs of the Company, or a supplementary affidavit in relation to that statement, to attend on the interviewer according to the day, time and place the interviewer appoints and to give the interviewer all information that the interviewer requires.

HCCW 126 / 2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

IN THE MATTER OF Shanghai Huaxin Group
(Hongkong) Limited (上海華信集團(香港)
有限公司)

And

IN THE MATTER OF the Companies
(Winding Up and Miscellaneous Provisions)
Ordinance (Cap. 32)

**ORDER FOR APPOINTMENT OF
PROVISIONAL LIQUIDATORS**

Dated 17 July 2018
Filed on 2 August 2018

Au-Yeung, Cheng, Ho & Tin
Solicitor for the Respondent
14th Floor, Far East Consortium Building,
121 Des Voeux Road Central,
Hong Kong
Tel: 2521 8822 Fax: 2521 2602
Ref: CSS/607044/CE

-12-

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

.../2018

Certified true copy

Simon Kwong
Registrar, H. C.
- 2 APR 2019

IN THE MATTER of the Companies
(Winding Up and Miscellaneous
Provisions) Ordinance (Cap. 32)

and

IN THE MATTER of SHANGHAI
HUAXIN GROUP (HONGKONG)
LIMITED (上海華信集團(香港)有限公司)

'9 SEP 2018

29 MAR 2019

### BEFORE THE HONOURABLE MR JUSTICE HARRIS IN COURT

### ORDER FOR WINDING UP BY THE COURT

UPON the Petition of HARBOUR VANGUARD LIMITED of P.O. Box 31119 Grand Pavilion, Hibiscus Way, 802 West Bay Road, Grand Cayman, KY1-1205, Cayman Islands, a creditor of the above-named Company, on the 17th day of May 2018, preferred unto the Court

AND UPON reading the said Petition, the Affirmation of Liu Yi filed on the 18th day of May 2018 and the exhibit referred to therein verifying the said Petition, the Affirmation of Liu Jieying filed on the 13th day of July 2018 and the exhibits referred to therein, the Affirmation of Ngan Kwan filed on the 2nd day of August 2018 and the exhibits referred to therein, the 2nd Affirmation of Ngan Kwan filed on the 27th July 2018, the 2nd Affidavit of Lam King Ho Howard filed on 29th August 2018 and the exhibits referred to therein, the Affirmation of Donald Edward Osborn filed on 31st

29 MAR 2019

1

August 2018 and the exhibits referred to therein and the Registrar's Certificate issued on the 10th day July of 2018

AND UPON hearing counsel for the Petitioner, counsel for the above-named Company, counsel for joint and several Provisional Liquidators of the above-named Company, counsel for SPDB International Investment Management Limited, a supporting creditor, the Official Receiver, and the attendance of China Cinda (HK) Asset Management Co., Limited, a supporting creditor being dispensed with

THIS COURT DOTH ORDER that the said SHANGHAI HUAXIN GROUP (HONGKONG) LIMITED (上海華信集團(香港)有限公司) (formerly known as HONGKONG HUAXIN PETROLEUM LIMITED 香港華信石油有限公司 and HUAXIN CHINA PETROLEUM LIMITED 華信中國石油有限公司), whose registered office is at Room 2302-2304, 23/F, Convention Plaza Office Tower, 1 Harbour Road, Wan Chai, Hong Kong, be wound up by this Court under the provisions of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Chapter 32);

IT IS ORDERED that:-

1. The costs of the Petitioner, the Official Receiver and the Provisional Liquidators (insofar as the Provisional Liquidators have been represented at hearings) be taxed and paid out of the assets of the said Company, save and except the hearing on 27th August 2018;

2. There be a wasted costs order nisi that the costs of the Petitioner, the Official Receiver and the Provisional Liquidators of the hearing on 27th August 2018 and

2

the costs of the Provisional Liquidators of preparing the the 2nd Affidavit of Lam King Ho Howard filed on 29th August 2018 be paid by the solicitors for the above-named Company personally; and

3.   If the solicitors for the above-named Company wish to contest the aforesaid wasted costs order, they should file a notice in the Court within 20 clear days from the date herein failing which a final wasted costs order shall be made.

Dated this 3rd day of September 2018.

Registrar

3

NOTE — As the Official Receiver or provisional liquidator (**interviewer**) may require, it is the duty of a person who is or may be liable to make the statement of affairs of the Company, or a supplementary affidavit in relation to that statement, to attend on the interviewer according to the day, time and place the interviewer appoints and to give the interviewer all information that the interviewer requires.

4

HCCW 126/2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

IN THE MATTER of the Companies
(Winding Up and Miscellaneous
Provisions) Ordinance, Cap. 32

and

IN THE MATTER of SHANGHAI
HUAXIN GROUP (HONGKONG)
LIMITED (上海華信集團(香港)有限
公司)

**ORDER**

Dated this 3rd day of September 2018.
Filed on the 19th day of September 2018.

**STEVENSON, WONG & CO.**
Solicitors for the Petitioner
39th Floor, Gloucester Tower, the Landmark,
15 Queen's Road Central, Hong Kong
Tel.: 2526 6311      Fax: 2845 0638

Ref.: WYC(P)/80526/18(LIT)
T:\Harbour Vanguard Limited\80526 Recovery of Loan\Court
Document\Winding-up Order 20180903.docx

I, the undersigned, do hereby certify
that this is a true and complete copy
of the original.

Au-Yeung Rainbow Andrea
Latham & Watkins LLP
Solicitor, Hong Kong SAR

HCCW 126/2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

IN THE MATTER of the Companies (Winding
Up and Miscellaneous Provisions) Ordinance
(Cap. 32)

and

IN THE MATTER OF SHANGHAI HUAXIN
GROUP (HONGKONG) LIMITED (上海華信
集團(香港)有限公司)

2 8 MAR 2019

## BEFORE MASTER LAI OF THE HIGH COURT IN CHAMBERS

### ORDER

UPON the application of the joint and several provisional liquidators (the "**Provisional Liquidators**") of Shanghai Huaxin Group (Hongkong) Limited (In Liquidation) (the "**Company**") by way of applications by report of the Provisional Liquidators filed on 19 December 2018 and letter from the Provisional Liquidators dated 19 December 2018

UPON reading the order to wind up the Company made on 3 September 2018 and the two reports of the Provisional Liquidators of the results of the first meetings of contributories and creditors filed on 19 December 2018 and letter from the Provisional Liquidators dated 19 December 2018

AND UPON HEARING Counsel for the Provisional Liquidators and the Solicitors for the Petitioner and for LORWIN

IT IS ORDERED that:

1.   Mr. Donald Edward OSBORN and Mr. SO Man Chun, both of PricewaterhouseCoopers, be appointed as joint and several liquidators of Shanghai Huaxin Group (Hongkong) Limited (the "**Joint and Several Liquidators**");

ASIA-DOCS\10620047.9

2.  the Joint and Several Liquidators shall receive such remuneration as may be determined by agreement between them and the committee of inspection (the **"Committee of Inspection"**) if one is subsequently constituted or if the Court orders no Committee of Inspection or if the Committee of Inspection and Joint and Several Liquidators fail to agree on the Liquidators' remuneration, such remuneration shall be determined by the Court;

3.  the issue on the constitution and composition of the Committee of Inspection be adjourned to an early date to be fixed before a Master with two hours reserved;

4.  leave be granted to all creditors who have submitted a proof of debt as at today's date to send to the Joint and Several Liquidators their representations or submissions on the constitution and composition of the Committee of Inspection on or before 30 April 2019;

5.  the Joint and Several Liquidators to submit to the Court on or before 14 May 2019 their further report on the constitution and composition of the Committee of Inspection with copy to the Official Receiver together with the representations and/or submissions received from the creditors (if any);

6.  the Official Receiver shall file with the Court and serve on the Joint and Several Liquidators a report (the **"Official Receiver's Report"**) on the constitution and composition of the Committee of Inspection for this liquidation on or before 11 June 2019;

7.  the Joint and Several Liquidators do send to all creditors who had submitted proof of debt to the Liquidators, the Report of the Liquidator and the Report of the Official Receiver referred to in this Order;

8.  the Joint and Several Liquidators do make available for inspection by all creditors the submissions and/or representations received by the creditors pursuant to this Order and inform the creditors of the availability of these documents for inspection;

ASIA-DOCS\10620047.9

9.    the Joint and Several Liquidators do within 21 days from the date of this Order give security to the satisfaction of the Official Receiver as provided by section 195 of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32);

10.    notice of this Order be gazetted by the Official Receiver and advertised by the Joint and Several Liquidators in one issue of an English newspaper and in one issue of a Chinese newspaper published and circulating in Hong Kong, the People's Republic of China and Singapore; and

11.    costs reserved.

Dated this 25th day of March 2019

Registrar

ASIA-DOCS\0620047.9

HCCW 126/2018

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES (WINDING-UP) NO. 126 OF 2018

IN THE MATTER OF the Companies (Winding
Up and Miscellaneous Provisions) Ordinance
(Cap. 32)

and

IN THE MATTER OF SHANGHAI HUAXIN
GROUP (HONGKONG) LIMITED (上海華信
集團(香港)有限公司)

**ORDER**

Filed the 28th day of March 2019

Latham & Watkins LLP
Solicitors for the Provisional Liquidators
18th Floor, One Exchange Square
8 Connaught Place
Central
Hong Kong
Tel: 2912-2500
Fax: 2912-2600
Ref: HL/CM/054384-0002

ASIA-DOCS\10620047.9

**Shanghai Huaxin Group (Hongkong) Limited (in Liquidation)**
**Chapter 15 Voluntary Petition Attachments**

Item 8. A list containing the names and addresses of (i) all persons or bodies authorized to administer foreign proceedings of the debtor, (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and (iii) all entities against whom provisional relief is being sought under 11 U.S.C. § 1519.

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:     (312) 876-7700
Facsimile:     (312) 993-9767
Caroline Reckler

- and -

885 Third Avenue
New York, NY 10022-4834
Telephone:     (212) 906-1200
Facsimile:     (212) 751-4864
Julian E. Bulaon (*pro hac vice* pending)

Attorneys for Man Chun So
as Petitioner and Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Shanghai Huaxin Group (Hongkong) Limited | ) | Case No.     19-_____ (___) |
| (in Liquidation), | ) | |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |

**VERIFIED LIST PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE**

I, Man Chun So (the "Petitioner") of PricewaterhouseCoopers Limited, pursuant to

28 U.S.C. § 1746, the duly appointed foreign representative (the "Foreign Representative") of the

above-captioned Debtor in connection with the compulsory winding up ordered by the High Court

of the Hong Kong Special Administrative Region Court of First Instance (the "Hong Kong Court")

on September 3, 2018 currently pending before the Hong Kong Court (the "Hong Kong

Proceeding"), hereby submit this verified list pursuant to Rule 1007(a)(4) of the Federal Rules of

Bankruptcy Procedure (the "Verified List") under penalty of perjury under the laws of the United

States as follows:

## I.    ADMINISTRATOR OF THE DEBTOR IN FOREIGN PROCEEDING

1.      I, Man Chun So of PricewaterhouseCoopers Limited, am one of the authorized

Foreign Representative in the Hong Kong Proceeding.  I certify pursuant to 28 U.S.C. § 1746

under penalty of perjury under the laws of the United States to the best of my knowledge,

information, and belief, that, other than the Hong Kong Proceeding, there are no foreign

proceedings pending with respect to the Debtor.

2.      My address is: 22nd Floor, Prince's Building, 10 Chater Road, Central, Hong Kong.

## II.   LITIGATION PARTIES IN THE UNITED STATES

3.      I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of

the United States to the best of my knowledge, information, and belief, that there is not litigation

pending in the United States in which the Debtor is a party at the time of the filing of the Debtor's

chapter 15 petition for recognition of a foreign main proceeding.

## III.  ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS SOUGHT PURSUANT TO 11 U.S.C. § 1519

4.      I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of

the United States to the best of my knowledge, information, and belief, that provisional relief is

not being sought at this time under 11 U.S.C. § 1519.

*[Remainder of Page Left Intentionally Blank]*

I, Man Chun So, declare under penalty of perjury, that I have reviewed the above Verified

List and that the information contained therein is true and correct to the best of my knowledge,

information, and belief.

Dated:    _____May 7,_____ 2019

_____
Man Chun So, Petitioner and
Foreign Representative

Acting as agent of the Debtor
without personal liability

**Shanghai Huaxin Group (Hongkong) Limited (in Liquidation)**
**Chapter 15 Voluntary Petition Attachments**

Item 11. A corporate ownership statement containing the information described in Rule 7007.1 of the Federal Rules of Bankruptcy Procedure.

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:    (312) 876-7700
Facsimile:    (312) 993-9767
Caroline Reckler

- and -

885 Third Avenue
New York, NY 10022-4834
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864
Julian E. Bulaon (*pro hac vice* pending)

Attorneys for Man Chun So
as Petitioner and Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 15 |
| Shanghai Huaxin Group (Hongkong) Limited (in Liquidation), | Case No.    19-_____ (____) |
| Debtor in a Foreign Proceeding. | |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the following is a list of all corporations, other than governmental units, that directly or indirectly

own 10% or more of any class of interests in the Debtor:

| Name | Percentage of Interest Held |
|---|---|
| CEFC Shanghai International Group Limited | 100% (direct) |

I, Man Chun So, declare under penalty of perjury, that I have reviewed the above Statement of Corporate Ownership and that the information contained therein is true and correct to the best of my knowledge, information, and belief.

Dated: _____May 7_____, 2019

_____
Man Chun So, Petitioner and
Foreign Representative
Acting as agent of the Debtor
without personal liability

**Shanghai Huaxin Group (Hongkong) Limited (in Liquidation)**
**Chapter 15 Voluntary Petition Attachments**

Addendum A. Statement Pursuant to 11 U.S.C. § 1515(c).

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:     (312) 876-7700
Facsimile:     (312) 993-9767
Caroline Reckler

- and -

885 Third Avenue
New York, NY 10022-4834
Telephone:     (212) 906-1200
Facsimile:     (212) 751-4864
Julian E. Bulaon (*pro hac vice* pending)

Attorneys for Man Chun So
as Petitioner and Foreign Representative


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Shanghai Huaxin Group (Hongkong) Limited | ) | Case No.      19-_____ (___) |
| (in Liquidation), | ) | |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |

**STATEMENT REGARDING KNOWN FOREIGN PROCEEDINGS**

I, Man Chun So, Pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury

under the laws of the United States as follows:


1.      I am the duly appointed foreign representative (the "Foreign Representative") of

the above-captioned debtor in connection with the compulsory winding up proceedings of the

Debtor before the High Court of the Hong Kong Special Administrative Region Court of First

Instance (the "Hong Kong Proceeding").


2.      I respectfully submit this statement, as required under section 1515(c) of title 11 of

the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in support of the verified

chapter 15 petition filed by the Foreign Representative seeking recognition by the United States Bankruptcy Court for the Southern District of New York of the Hong Kong Proceeding as a foreign main proceeding.

3.      Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the Hong Kong Proceeding is the only insolvency proceeding of any kind pending with respect to the Debtor and thus is the only known "foreign proceeding" with respect to the Debtor, as that term is defined in section 101(23) of the Bankruptcy Code.

*[Remainder of Page Left Intentionally Blank]*

I, Man Chun So, declare under penalty of perjury, that I have reviewed the above Statement

Regarding Known Foreign Proceedings and that the information contained therein is true and

correct to the best of my knowledge, information, and belief.

Dated: _____May 7_____, 2019

Man Chun So, Petitioner and
Foreign Representative

Acting as agent of the Debtor
without personal liability